```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA, for the )
    use of OLDCASTLE GLASS, INC.,     )  2:08-cv-03155-GEB-DAD
12                                    )
                    Plaintiff,        )  ORDER TO SHOW CAUSE
13                                    )  AND CONTINUING (PRETRIAL
         v.                           )  SCHEDULING) CONFERENCE
14                                    )
    ARCH INSURANCE COMPANY;           )
15  JOHN MICHAEL RIDING, d/b/a JMR    )
    Construction; and HANSON GLASS &  )
16  MIRROR CO., INC.,                 )
                                      )
17                  Defendants.       )
                                      )
18
19          The April 9, 2009, Order Continuing Status (Pretrial
20  Scheduling) Conference ("April 9 Order") scheduled a status conference
21  in this case for May 11, 2009, and required the parties to file a
22  joint status report no later than fourteen days prior to the status
23  conference.  The parties' joint status report was filed late.
24          Plaintiff is Ordered to Show Cause ("OSC") in a writing to
25  be filed on later than 4:00 p.m. on May 18, 2009, why sanctions should
26  not be imposed against Plaintiff or its counsel under Rule 16(f) of
27  the Federal Rules of Civil Procedure for failure to file a timely
28  status report.  The written response shall also state whether
```

Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on June 29, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date. In accordance with the requirements set forth in the April 9 Order, a status report shall be filed no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated: May 8, 2009

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2